Fredric A. Nelson and Doris R. Nelson v. Commissioner.
Nelson v. Commissioner
Docket No. 3071-62.
United States Tax Court
T.C. Memo 1964-100; 1964 Tax Ct. Memo LEXIS 236; 23 T.C.M. (CCH) 597; T.C.M. (RIA) 64100; April 17, 1964
*236 Fredric A. Nelson, pro se, 1219 Eversham Ave., Baltimore, Md. Arnold E. Kaufman, for the respondent. WITHEY
Memorandum Findings of Fact and Opinion WITHEY, Judge: The Commissioner has determined a deficiency in the income tax of petitioners for the taxable year 1956 in the amount of $15,952.34 and an addition to tax under section 6653(b), Internal Revenue Code of 1954, in the amount of $7,976.17. The issues presented by the pleadings are (1) whether petitioners have failed to include in their return all income received by them in 1956; (2) whether a part of the deficiency so determined was due to fraud with intent to evade lawful income tax; and (3) whether assessment of the deficiency is barred by the statute of limitations. Findings of Fact The facts which have been agreed to by the parties are found as stipulated. Petitioners, Fredric A. Nelson, hereinafter referred to as petitioner, and Doris R. Nelson, are husband and wife with their residence at Baltimore, Maryland. They filed their joint income tax return for the taxable year 1956 with the district director of internal revenue, Baltimore, Maryland. During the year 1956, the *237 petitioner operated a sole proprietorship under the name of the Nelson Company. The nature of the business was sandblasting and painting. The address of the business was 1110 Division Street, Baltimore, Maryland. The petitioner maintained an account for the Nelson Company in the Second National Bank of Towson, Maryland. The name of the account was The Nelson Company, Mr. F. A. Nelson, 1110 Division Street, Baltimore, Maryland. During the year the deposits to the Nelson Company's account in the Second National Bank totaled $106,127.04. Included in the total deposits of $106,127.04, were $11,000 representing loans from the Second National Bank and $1,500 representing loans from the petitioner's father, F. A. Nelson, Sr. Also included in the deposits of $106,127.04 was an amount of $5,158.25 representing the deposits of checks which were subsequently returned. Petitioner reported on his income tax return for the year 1956 total receipts from the operation of his business in the amount of $45,927.16. On July 5, 1956, the petitioner formed the Nelson-Fox Company, a corporation organized under the laws of Maryland. The petitioner's bookkeeper during the year 1956 was Wanda *238 Nuse. The duties of the bookkeeper included making out all invoices, making entries in the books of record, and handling the payroll. The company maintained during the year 1956 a sales journal, cash journal, and accounts receivable ledger. During that year petitioner received seven checks made out to the Nelson Company, 1110 Division Street, Baltimore, Maryland, from the Glenn L. Martin Company. The seven checks on their faces totaled $36,769.80. After the receipt of each check from the Glenn L. Martin Company, the bookkeeper informed the petitioner that the checks were not intended for his company. Petitioner nevertheless told the bookkeeper to endorse and deposit the checks in the company's account. She did so. Petitioner knew that the checks made out to the Nelson Company by the Glenn L. Martin Company did not belong to and were not intended for his company. The bookkeeper did not record the receipt of the checks in the sales journal or any other book of record. The seven checks were deposited in the company's account at the Second National Bank. The Glenn L. Martin Company intended the seven checks referred to above to be made payable to another Nelson Company also *239 located in Baltimore, Maryland. When the Glenn L. Martin Company realized its mistake in addressing its checks, there was sufficient time to stop payment on the seventh check. Neither the bookkeeper nor petitioner notified the Glenn L. Martin Company of the mistake concerning the seven checks. Petitioner has never repaid to the Glenn L. Martin Company the money represented by the wrongfully deposited checks. During the year 1956, Arthur Lund was the accountant for petitioner. He prepared the 1956 income tax return of the petitioner. Lund, in preparing the income tax return for the petitioner for the year 1956, obtained the gross receipts from the operation of the Nelson Company solely from the sales journal. In preparing the petitioner's income tax return, he had the use of the Nelson Company's general ledger, cash receipts, and disbursements journal, and sales journal. A revenue agent began an audit of the petitioner's income tax return for the year 1956 in the year 1960. At the time of the audit, petitioner did not produce any books and records of the Nelson Company. He had destroyed them in 1959 or 1960. Petitioner's income for the year 1956 was therefore reconstructed *240 and computed by the bank-deposit method. Petitioner knew when he filed his return for 1956 that the amount of money represented by the six checks received from the Glenn L. Martin Company constituted gross income subject to taxation. Petitioner did not enter the receipt of any of the checks from the Glenn L. Martin Company in the books and records of the Nelson-Fox Company. The financial condition of the Nelson Company at the time of the receipt of the checks from the Glenn L. Martin Company was poor. The financial condition of the Nelson Company and Nelson-Fox Company was such that petitioner was financially unable to pay the Glenn L. Martin Company for the six checks. Ultimate Findings of Fact During the year 1956, the petitioner had unreported taxable income in an amount at least equal to $42,541.63. A part of the unreported income consisted of $33,611.55, representing the total amount of the six checks received from the Glenn L. Martin Company which amount was not included in petitioner's income for the year 1956. All or some part of the deficiency in income tax is due to fraud with the intent to evade tax. Furthermore, the assessment of the deficiency is not *241 barred by the statute of limitations since the petitioner omitted from gross income an amount in excess of 25 percent of the amount of gross income reported on his return for the year 1956. And a proceeding in Court was begun within 6 years after the return was filed. Opinion With respect to the deficiency determined by respondent, petitioner has the burden of proof with respect to its incorrectness. Except for his unsupported, self-serving statement from the witness stand that the partnership return of the Nelson Company includes in gross income the proceeds from the first Martin check and that the corporation return of Nelson-Fox Company includes in gross income the proceeds of the remaining five such checks, he has failed to offer any evidence as to the incorrectness of the deficiency determination. This is insufficient proof. The returns he relies upon do not disclose the source of any amounts comprising the stated gross income of either except as business receipts. Other evidence of record strongly tends to prove that no part of the proceeds of any of the six deposited Martin checks was reported by the Nelson Company, the Nelson-Fox Company, or petitioners themselves. The *242 accountant who prepared those returns obtained all information relating to business receipts and disbursements from the books of record of the business. There is no dispute here but that no entries were at any time made on those books relative to receipt or deposit of the Martin checks. We are satisfied that the accountant, at the time of preparation of the returns in question, had no knowledge of the checks. It seems to us inconceivable that petitioner would either record his misdeeds on his business records or report their results in an income tax return. We find that he did not do so and therefore sustain respondent's determination of a deficiency. With respect to respondent's addition to tax for fraud, the burden of proof rests upon the respondent. [1] We find he has sustained his burden by clear and convincing evidence. Petitioner, by his insistence here that he has included the proceeds of the Martin checks in the income tax returns of Nelson Company *243 and Nelson-Fox Company, establishes the fact that he knew such proceeds to be taxable income when those returns were filed. He did not include such proceeds in those returns. That he failed to do so as a mere inadvertence we do not believe in light of the fact that the total amount thereof was so sizable in comparison to the amount of gross business income which was reported. It follows logically that his failure was willful and deliberate. He makes no excuse for it on this record. The only reason for such action was his intent to evade his just income tax by the filing of false and fraudulent returns for Nelson Company and individually. We sustain respondent's addition to tax under section 6653(b). In view of our last holding above, petitioner's contention that the statute of limitations bars assessment of the deficiency determined by respondent is not sustained, and we find for respondent on that issue. Decision will be entered for the respondent. Footnotes
1. No issue is raised herein with respect to the possible effect of Commissioner v. Wilcox, 327 U.S. 404; Rutkin v. United States, 343 U.S. 130; and James v. United States, 366 U.S. 213↩.